(No. 2007—)

FRANK F. FOLLETT, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed May 8, 1934.*
*Rehearing granted September 15, 1937.*
*Opinion on rehearing filed December 15, 1937.*

M. D. MORAHN, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

Mr. Justice Yantis delivered the opinion of the court:

The facts alleged in the complaint and the law pertaining thereto are identical with those set forth in Claims No. 2005 and No. 2006, *D. H. Blue* vs. *The State of Illinois,* except that the said D. H. Blue was the tenant of lands alleged to have been flooded by overflow waters, and the claimant herein, Frank F. Follett, as receiver, was the landlord and entitled as such to a portion of the rents and products of said land, as set forth in Claim No. 2005.

The Attorney General asks that his motion to dismiss in the other cases shall apply to this case, and it appearing by the recitals in said complaint that the matters therein alleged are within the provisions of the Illinois Waterway Act, this court is without jurisdiction and the motion to dismiss should be allowed. (See opinion in *D. H. Blue* vs. *State of Illinois,* No. 2005). Motion to dismiss allowed.

N. B. Additional Opinion on Rehearing.

Mr. Justice Yantis delivered the opinion of the court:

This cause again comes before the court after the allowance of a petition for rehearing. As stated in the original opinion filed in the above cause at the May term, A. D. 1934, the only variance between this action and that of *D. H. Blue* vs. *The State Court of Claims,* No. 2005 and No. 2006 is that claimant herein was the landlord of lands involved, and D. H. Blue was the tenant thereon.

This is also true in the consideration of this cause under the rehearing heretofore granted. An opinion has heretofore been filed in the other two cases, i. e. *Blue* vs. *State,* No. 2005 and No. 2006 reaffirming the former opinion, and denying an award. The views expressed in those cases apply to the instant case. The motion by the Attorney General to dismiss this case is allowed and an award denied.